IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARY MCCLOSKEY,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. **3:16-CV-549-L** |
| **MATCH GROUP, INC.** *et al.*, | § | (Consolidated with 3:16-CV-668-L) |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Underwriter Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 46), filed November 8, 2016; and Match Group Defendants' Motion to Dismiss the Amended Complaint (Doc. 48), filed November 8, 2016. After considering the motions, briefs, pleadings, and applicable law, the court **denies without prejudice** Underwriter Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 46); and **denies without prejudice** Match Group Defendants' Motion to Dismiss the Amended Complaint (Doc. 48). Although the court has concerns whether Plaintiffs can allege facts to support the securities claims asserted, it is unclear at this juncture whether allowing them to amend their pleadings would be futile. The court, therefore, will allow Plaintiffs to amend their pleadings to cure the deficiencies noted in the motions to dismiss.

**I.    Factual and Procedural Background**

This consolidated action for alleged violations of federal securities laws was brought by Plaintiffs[*] against Defendants Match Group, Inc.; Gregory R Blatt; Gary Swidler; Michael H.

---

[*] On February 26, 2016, Plaintiff David M. Stein ("Stein") filed a Class Action Complaint alleging violations of Sections 11 and 12(a)(2) of the Securities Act against the Underwriter Defendants, Match Group, Inc., and the Individual Defendants. Plaintiff Stephany Kam-Wan Chan filed a second Class Action Complaint on March 9, 2016, asserting identical claims against the same Defendants. On April 28, 2016, these two cases were consolidated. On June 9, 2016, the court appointed Plaintiffs Mary McCloskey and Craig Kneller to serve as lead Plaintiffs, and Plaintiffs filed

Schwerdtman; Gregg J. Winiarski; Joseph M Levin; JP Morgan Securities, LLC; Allen & Company, LLC; Merrill Lynch; Pierce, Fenner & Smith, Incorporated; Deutsche Bank Securities, Inc.; BMO Capital Markets, Corp.; Barclays Capital, Inc.; BNP Paribas Securities, Corp.; PNC Capital Markets, LLC; Cowen and Company, LLC; SG Americas Securities, LLC; Fifth Third Securities, Inc.; and Oppenheimer & Co, Inc. ("Defendants"). In their Amended Complaint, Plaintiffs assert claims for alleged violations of sections 11, 12(a)(2), and 15 of the federal Securities Act of 1933 ("Securities Act") against all Defendants. Plaintiffs seek to recover compensatory damages; equitable, injunctive, or other relief deemed appropriate by the court; attorney, accountant, and expert fees; and other costs and disbursements.

On November 8, 2016, the Underwriter Defendants and Match Group Defendants filed separate motions to dismiss the claims in Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiffs have failed to sufficient plead facts necessary to support claims for securities violations under sections 11, 12(a)(2), and 15 of the Securities Act. The Underwriter Defendants also contend that Plaintiffs lack standing because they do not allege that the Underwriters were "sellers" as required by section 12(a)(2) of the Securities Act.

Plaintiffs filed an omnibus response to the motions to dismiss in which they disagree that their Amended Complaint fails to state securities claims upon which relief can be granted. Plaintiffs also cite to an opinion from the Southern District of Texas in which the court granted a motion to

---

their Amended Complaint on September 9, 2016. The court refers collectively to all Plaintiffs in this action as "Plaintiffs." Stein was terminated as a party to this action on September 9, 2016. The Underwriter Defendants include: J.P. Morgan Securities, LLC; Allen & Company, LLC; Merrill Lynch; Pierce, Fenner & Smith, Incorporated; Deutsche Bank Securities, Inc.; BMO Capital Markets, Corp.; Barclays Capital, Inc.; BNP Paribas Securities, Corp.; PNC Capital Markets, LLC; Cowen and Company, LLC; SG Americas Securities, LLC; Fifth Third Securities, Inc.; and Oppenheimer & Co., Inc. The Match Group Defendants include Match Group, Inc. and the individual officers and director s of Match Group, Inc. that were named as Defendants.

**Memorandum Opinion and Order – Page 2**

dismiss but allowed the plaintiffs to amend their securities violations pleadings, including those regarding standing. The court construes this as a request for leave by Plaintiffs to amend their pleadings. The Underwriter Defendants contend that Plaintiffs should not be allowed to amend their pleadings because doing so would be futile.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the

plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.    Analysis—Rule 12(b)(6) Motions to Dismiss

After reviewing the motions to dismiss, the parties' briefs, and pleadings, the court has concerns whether Plaintiffs have alleged sufficient facts to state securities claims upon which relief can be granted  Because it is unclear at this juncture whether allowing Plaintiffs to amend their pleadings would be futile, and Plaintiffs have previously only amended their pleadings once when they were directed to file a consolidated amended complaint, the court will deny without prejudice the motions to dismiss and allow Plaintiffs to amend their pleadings.

### IV.    Conclusion

For the reasons stated, the court **denies without prejudice** Underwriter Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 46); and **denies without prejudice** Match Group

Defendants' Motion to Dismiss teh Amended Complaint (Doc. 48).  Plaintiff **shall** file an amended complaint that cures the deficiencies noted in the motions to dismiss by **October 27, 2017.**

**It is so ordered** this 27th day of September, 2017.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge